Appeal by the Industrial Commissioner from a decision of the Unemployment Insurance Appeal Board which determined the claimant available for unemployment insurance benefits. Under the provisions of Unemployment Insurance Law (Labor Law, art. 18) the Industrial Commissioner has the statutory delegation of power to prescribe the manner of filing of claims, notification of unemployment and reports on the existence and continuance of the unemployment of a claimant to benefits under the statute. (§ 591, subd. 1; § 596, subds. 1, 2.) The commissioner has prescribed that claimants shall show in detail prospective" employers contacted, giving precise data. During the period in controversy here, from February 16, 1949, to March 16, 1949, the claimant refused to answer ques- *1074 lions directed to this subject in a form prescribed by the commissioner, or to answer similar questions on an oral interview at the local office. The claimant stated in the form that “Due to the true fact that the persons I have contacted * * * are persons of high esteem & reputation I must withhold the inform.” and he later said to an interviewer that this information was a “ personal matter.” The question is directed to the good faith of the claim for unemployment insurance. The commissioner is entitled to have answers to such questions which are reasonably within the scope of the authority delegated to him. A fair reading of the statute indicates that if the information is refused “effective days” which are the statutory bases of benefits, need not be calculated during the period of such refusal, and that there is, therefore, no availability for employment during such a period. The determination of the appeal board is reversed, on the law, and the claim disallowed during the period in controversy, without costs. Foster, P. J., Brewster, Deyo, Bergan and Coon, JJ., concur.